Bowles *et al.*
*vs*
Schoenberger.
Same
*vs*
Clark.

*Grigsby* for appellant.

---

Chancery.

# Bowles *et al. vs* Schoenberger, and Same *vs* Clark.

*Case* 121.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Mortgages.   Parties.   Chancery.*

*May* 13.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

Two bills are filed by creditors against mortgagor and mortgagee requiring an account between them and a sale and decree for the remainder of the proceeds of the mortgaged effects—the first charges fraud, the second does not, the suits are consolidated; the charge of fraud made in the second shall inure to the benefit of the complainant in the first.

As these cases seem to have been consolidated, they will be considered in this Court as one case.

G. & J. H. Schoenberger & Co., who filed the first bill attaching the estate of McClerg, mortgaged to Bowles, did not charge that the mortgage was fraudulent. They prayed however, for an account and settlement between the mortgagor and mortgagee, and either a foreclosure or a sale of McClerg's interest; but no satisfactory basis for an account and foreclosure has been presented. Even the names of the creditors to whom Bowles is alledged to be liable as McClerg's endorser, have not been disclosed, although Bowles and McClerg were required, among other things, to identify those creditors.

Nor is it shown when these notes or bills were drawn, or when they became due, or who is now entitled to them, nor why they have not been paid, nor that there is any probability that Bowles will be compelled to pay any thing on account of them, nor that he has not ample available means in his own unpaid notes to McClerg, for indemnifying himself. What then were these complain-

ants to do?   They could not force a foreclosure without
making the holders of the alledged notes parties; they
could not make them parties because neither McClerg
nor Bowles would disclose even their names.    Must
they then wait indefinitely and in the dark, and may
those alledged notes, even if yet unpaid, be renewed in-
definitely, and the mortgage thereby continued as an in-
cumbrance as long as the parties to it shall choose, and
when too, the mortgagee has paid nothing for the mort-
gagor and owes him largely?   Had this been the only
bill might not the Chancellor have decreed, therefore,
that this mortgage, under these circumstances, should
not be considered as a subsisting incumbrance in equity,
and that therefore, these attaching creditors should not
be obstructed by it?

But as both bills progressed *pari passu* as one case,
and were understood and intended to be but one, the
Schoenbergers are entitled to the benefit of the charge of
fraud in the bill of Clarke; and if that charge be sus-
tained, then there is certainly nothing in the mortgage
which can entitle Bowles to any priority over any credit-
or of McClerg, or to any foreclosure of his mortgage as
against such creditor; and thus the Schoenbergers would
be entitled to a decree, even on their prayer for a settle-
ment between mortgagor and mortgagee, and a decree
for a sale of McClerg's interest as available on such set-
tlement.

And it does seem to us, that, presented as the mort-
gage now is, it should be deemed merely colorable, not
only for the reasons already intimated, but because, also,
the consideration is loosely and rather indefinitely ex-
pressed, because it refers to a bond of indemnity for
$25,000, which would probably disclose the true state of
case as to the alledged liabilities, and that bond has not
been shown, and because the mortgage was never given
until 1839, *was not then sought by Bowles,* and he seems
not then to have even known that he was still liable for
McClerg, or exactly how or to what extent; and there is
no satisfactory proof that his indorsements were not
made whilst he was McClerg's partner, or that all that

BOWLES *et al.*
*vs*
SCHOENBERGER.
SAME
*vs*
CLARK.

The     mortgagee
in such case fail-
ing to exhibit the
claims and lia-
bilities *intended*
to be secured by
the     mortgage,
and showing an
unwillingness to
settle, adjust and
disclose the bal-
ance. The mort-
gage held to be
only colorable.

matter was not settled between them when Bowles executed to McClerg his notes for $23,000.

But there is a supplemental consideration which is persuasive; why do both Bowles and McClerg seem unwilling to adjust the alledged liabilities and foreclose the mortgage, if any portion of them shall necessarily, or in good faith, finally fall on and be discharged by *Bowles.*

We are, therefore, of the opinion that the decree as to all parties should stand; and it is consequently affirmed.

*Pirtle* for appellant; *Loughborough* for appellee.